# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA
                                     :
        - v -                             12 Cr. 487 (KMW)
                                     :
DENISS CALOVSKIS,
                                     :
             Defendant.
- - - - - - - - - - - - - - - - - - x
```

# THE GOVERNMENT'S SENTENCING MEMORANDUM

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                              of America

DANIEL B. TEHRANI
Assistant United States Attorney
       - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA
                                     :
        - v -                                12 Cr. 487 (KMW)
                                     :
DENISS CALOVSKIS,
                                     :
            Defendant.
- - - - - - - - - - - - - - - - - - x
```

**THE GOVERNMENT'S SENTENCING MEMORANDUM**

Deniss Calovskis ("Calovskis" or the "defendant") is scheduled to be sentenced in this matter on December 14, 2015, at 12:00 p.m. The Government respectfully submits this memorandum in advance of the sentencing, and in response to the defendant's sentencing memorandum dated November 25, 2015 ("Def. Mem."), in which the defendant asks the Court to impose a below-Guidelines sentence of time served. (Def. Mem. at 1). The United States Probation Office recommends a high-end of the Guidelines sentence of 16 months' imprisonment. The Government respectfully requests that the Court impose an above-Guidelines sentence at the high-end of the Stipulated Guidelines Range of 12 to 24 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**Background**

I. **The Offense Conduct**

The defendant, a Latvian citizen, participated in a conspiracy to distribute malware, known as the "Gozi virus," to individuals and entities throughout the world, in order to steal users' personal information. (PSR ¶¶ 10, 13). The malware worked by modifying online bank log-in screens in a manner that required users to input personal identifying information and then transmitting that information to servers controlled by the co-conspirators. (PSR ¶ 12). In total, the virus has infected more than a million computers worldwide, including at least 17,000 computers in the United States. (Id.).

The defendant's role in the scheme was to develop computer code, known as web injects, which altered how particular banking websites appeared on infected computers in order to deceive victims into divulging additional personal information. (PSR ¶¶ 19, 20). Calovskis developed web injects not only for the Gozi Virus, but also for other banking malware, such as the Zeus Trojan. (PSR ¶ 19).

II. **The Plea Agreement & Guidelines Calculation**

On September 4, 2015 the defendant pleaded guilty pursuant to a plea agreement (the "Plea Agreement"). As set forth in the Plea Agreement, the defendant and the Government agreed that the defendant's adjusted offense level was 15,

calculated as follows:  A base offense level of six pursuant to U.S.S.G. §2B1.1(a)(2); because the loss attributable to the defendant's conduct could not be reasonably estimated, the offense level was not increased pursuant to U.S.S.G. § 2B1.1(b)(1); pursuant to U.S.S.G. §2B1.1(b)(2), because the offense involved 250 or more victims, the offense level was increased by six levels; the offense level was further increased by two levels, pursuant to U.S.S.G. § 2B1.1(b)(10), because a substantial part of the fraudulent scheme was committed from outside the United States, and by four levels pursuant to U.S.S.G. § 2B1.1(b)(18)(A)(ii), because the defendant was convicted of an offense under Title 18, United States Code, Section 1030(a)(5)(A).  The adjusted offense level of 18 was reduced by three levels for timely acceptance of responsibility, resulting in a total offense level of 15.

Based on an offense level of 15 and a Criminal History Category of I (the defendant has no prior criminal history), the parties agreed that the applicable Guidelines range for the defendant's conduct was 18 to 24 months' imprisonment (the "Stipulated Guidelines Range").

The Probation Office calculates an adjusted offense level of 12, because it applies a two-level number-of-victim enhancement rather than the six-level enhancement in the Plea Agreement (because the resulting adjusted offense level is 14,

3

only two points are deducted for acceptance of responsibility). Because the amended November 1, 2015 applies to the defendant's sentencing, the Government agrees with Probation's calculation.[1] Ultimately, Probation recommends a high-end of the Guidelines sentence of 16 months' imprisonment. (PSR at 18).

### Argument

I. **A Sentence at the High-End of the Stipulated Guidelines Range Is Warranted**

A sentence at the high-end of the parties' agreed upon range of 18 to 24 months' imprisonment is warranted in this case considering the factors set forth in Section 3553(a). The defendant's conduct is undoubtedly serious. The defendant participated in a massive cyber conspiracy to steal millions' of individuals' personal information. In order to obtain that highly valuable information, the defendant and his co-conspirators developed and disseminated malware that altered and/or replicated the users' interface with their online banking providers. By manipulating banking webpages, the defendant and

---

[1] Under the November 1, 2014 Guidelines, the victim enhancements under U.S.S.G. § 2B1.1(b)(2) were based solely on the number of victims. Because the parties agreed in the Plea Agreement that the web injects authored by the defendant affected more than 250 users, the parties agreed that the six-level enhancement applied. Under the November 1, 2015 Guidelines, however, unless the offense conduct resulted in "substantial financial hardship," the maximum enhancement under Section 2B1.1(b)(2) is two-levels. As noted above, because the losses attributable to the defendant's conduct cannot be reasonably estimated, the Government agrees that the two-level enhancement applies.

4

his co-conspirators tricked victims into providing them not only the information the banks typically would request, but additional information specifically requested by the conspirators.  The potential scope, reach and financial magnitude of this type of cybercrime are enormous.  And the fact that the defendant and his co-conspirators – with different skill sets and capabilities – were able to conspire from remote corners of the globe, without necessarily ever meeting or knowing each other's true names or identities, demonstrates the danger posed by such organized cyber activity.

   Moreover, the defendant played a crucial role in the scheme.  He authored the computer code – web injects – that enabled the malware to surreptitiously gather and steal victims' personal identification.  Rather than using his code-writing capability productively, he instead sold it to help others carry out a massive worldwide heist of personal banking information.

   Accordingly, a Guidelines sentence is necessary to reflect the serious of the defendant's conduct, promote respect for the law, provide just punishment, and deter the defendant and others around the world from engaging in this type of criminal activity.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court impose a sentence at the high-end of the parties' Stipulated Guidelines range in this case.

Dated:   New York, New York
         December 7, 2015

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

By:      _____
        Daniel B. Tehrani
        Assistant United States Attorneys
        Tel.: (212) 637-2455



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 29, 2015

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Deniss Calovskis*, 12 Cr. 487 (KMW)

Dear Judge Wood:

  The Government respectfully submits this supplemental sentencing letter in response to the Court's order, dated December 11, 2015. The Government shares the Court's concerns regarding the seriousness of the defendant's crimes and the need for general deterrence. As noted in the Government's sentencing letter, this is particularly the case given the ease with which individuals can remotely and anonymously conspire to engage in this kind of criminal activity.

  The Government's recommendation of a high-end of the Stipulated Guidelines sentence – a sentence more than a year longer than the low-end of the applicable Guidelines and eight months longer than Probation's recommended sentence – weighs the need for general deterrence against the defendant's particular role in the conspiracy. In relevant respect, the defendant was not involved in creating or disseminating the actual Gozi Virus. Further, he did not begin participating in the conspiracy until years after the malware had been created. Calovskis, along with several others, was tasked with creating specific web injects that were used on a subset of infected computers to manipulate the manner in which individual banking webpages appeared. Thus, while the Court is correct that the Gozi Virus as a whole infected more than 17,000 computers in the United States, the defendant's participation in the scheme is more limited – both because of the shorter time period in which he participated and the fact that the Government believes that the web injects that he created do not exist on every computer infected by the Gozi Virus. Indeed, indicative of the defendant's more limited role in the scheme, the defendant received only approximately $1,000 for his participation. The Government does not believe that he otherwise financially benefitted from the sale of the malware or the financial information that was stolen by the malware.

   Thus, given these factors specific to the defendant's role, the Government respectfully believes that a sentence at the high-end of the Stipulated Guidelines would be appropriate in this case. That said, the Government does not disagree with the Court's view that general deterrence warrants strong consideration in this matter, and does not believe that a sentence greater than what the Government has recommended would be unreasonable.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney


            By: /s/ Daniel Tehrani
                Daniel B. Tehrani
                Assistant United States Attorney
                (212) 637-2455


cc: David Bertan, Esq. (by electronic mail)